Taylor, Chief-Justice.
 

 The facts of this case, which are not controverted, very- clearly shew that the equity is on the side of the Defendant, The entries and grants were certainly obtained without/read ,* nor bad the Be<-Jtendant any knowledge of their
 
 irregularity
 
 j for when they were obtained, a general Miof prevailed that Greene
 
 *116
 
 county comprehended the land in dispute. 5 and among *be depositions in the cause, there is one of an experienced surveyor, according to whose opinion, it would cvetJ now appear to do so, if the line were correctly run. The sum of the case then, is, that the Defendant settled upon land, under titles from the State, and those claiming under it. honestly believing that the land had been properly granted j ami after a possession of some years, the Complainants, discovering that the lands were situated not in Greene, hut in Buncombe county, made an entry and obtained a grant, and now pray that the p-arits under which the Defendant claims, may be located, or that he may be compelled to convey to the Plaintiffs. Admitting the fact to be so, it requires no argument to prove that a Court of Law is fully competent to decide upon the case, apon general principles, I should think 5 hut, certainly, by the express creation of jurisdiction by the act of 1798, in all cases where the patent has irregularly issued, through the mistake of the public officers, or of the party claiming under it. Cases of fraud depend upon other principles, and the authorities sustain the jurisdiction of this Court, where a grant has been fraudulently obtained to the injury of the State or an individual. This is one. of the most antient heads of equitable jurisdiction, where, from the secrect nature of the transaction, a discovery by the oath of the party is necessary. But where a fraud can be clearly established, it will also be relieved against at law — (1
 
 Burr*
 
 S96 — -4
 
 Inst.
 
 84.) But this Court would certainly transcend the •proper limits of its jurisdiction, if it were to set aside a title upon which- a common law Court is quite competent to decide, in favor of persons who cannot shew a superior equity to the land in controversy.
 

 I have not thought it necessary to enter upon a consideration of the common law jurisdiction of this Court in cancelling and repealing letters patent, because it seems to he clear that the act of 1782 neither did, nor intended to confer such powers j but is confined to such
 
 *117
 
 Iiroceedings as belong to the equity side of the British Chancery Court, in the form of bill answer and deposi-1 lions.
 

 Per Curiam. — The bill must be dismissed.